THE FOREST CEMETERY ASSN. *v.* THE NORFOLK & WESTERN RY. CO.

*Specific performance — Construction of retaining wall by railroad — Mutuality of consideration — Cemetery grants land for tracks — Effect of acceptance of benefits and failure to rescind.*

1. Where a railway company obtains a conveyance of lands for double tracking purposes from a cemetery association and as part consideration covenants to build a retaining wall along the line of said lands, such covenant will be enforced by an order of specific performance where it appears that there is no adequate remedy at law.

2. Where the railway company accepts the deed, enters upon and continues to use the land conveyed, and where it appears that the building of said wall is of material value to the grantor, the order for specific performance will not be denied upon the ground that the cemetery association exacted an exorbitant consideration for the conveyance.

3. A grantee who accepts the benefits of a deed of conveyance, retains possession of the land, and makes no offer to rescind the entire transaction, has no right to disaffirm the covenants of the deed made as part consideration and for the benefit of the grantor, or to object to an order for specific performance, in a case where no adequate remedy at law exists.

(Decided March 29, 1920.)

APPEAL:   Court of Appeals for Pickaway county.

Mr. I. N. Abernathy and Mr. Charles J. Pretz-man, for plaintiff.

Messrs. Bannon & Bannon and Mr. Barton Walters, for defendant.

ALLREAD, J.   This case was, at a former term, submitted on demurrer to the several defenses. The court overruled the demurrer to the first and third, and sustained the demurrer to the second, fourth and fifth defenses.

The case is now presented on the evidence as to the first and third defenses.   The ground upon which the demurrer was overruled to the first and third defenses was that the averments of said defenses showed:  (1) That the contract was exacted under duress; (2) was exorbitant and unfair; and (3) was of no advantage to the plaintiff and a great detriment or disadvantage to the defendant. The charge of duress is based upon the fact that the cemetery property was exempt from appropriation by eminent domain and that the railway company was so situated as to require this strip to complete its double tracks.   It is claimed that the cemetery trustees took advantage of the situation to demand and extort a grossly excessive consideration for the land required by the railway company.   It may be assumed for the purpose of this case that the cemetery land was exempt from appropriation and could only be obtained by purchase. There was a conflict of public interest, one interest demanding that the land be secured for railroad

purposes and the other that it be retained for cemetery purposes.

The cemetery association was reluctant to sell for the reason that land proper for a cemetery, and adjoining the cemetery ground, was difficult to obtain, and that this strip was valuable to retain the soil and protect the hillside of the cemetery from washing and sliding. It appears from the evidence that the trustees of the cemetery association valued the strip sold to the railway company at the price which they claim could be obtained therefor upon a sale for cemetery purposes, and also that the retaining wall would be necessary to protect the remainder of the cemetery property. We think it would not be unreasonable to hold that the wall would be advantageous to the cemetery association. The security of the soil of a burial spot is absolutely necessary, as no one would care to accept a lot for burial purposes if there was a likelihood that the soil might be disturbed by washing and sliding. The retaining wall would also enable the cemetery association to cut down the hill and fill the low places, thereby increasing the amount of space for burial purposes, so we think it can not be successfully maintained that the building of this wall would not be advantageous to the cemetery association. We do not find that the trustees of the cemetery association were actuated by any improper motive. They undoubtedly desired to fairly represent the association, and we think they obtained exceedingly favorable terms of sale for the strip in question. If the contract was wholly executory a court of chancery might hesitate to execute it. But the contract of sale has been fully per-

formed on the part of the cemetery association, and the railway company has accepted and still retains the benefits. The railway company is in the position of holding on to the favorable part of the contract and refusing to perform the unfavorable part. We also think that a remedy by way of damages would not be adequate. The only adequate remedy which the plaintiffs have, if the stipulation is to be performed at all, is by specific performance. In the case of *Galloway, Jr.,* v. *Barr et al.,* 12 Ohio, 355, the court says:

"A Court of Chancery will not refuse to compel the execution of a contract on the ground of inadequacy of price, where the vendor, after making of the contract, with full knowledge of the facts, had refused to rescind, and held on to a part of the purchase money."

We have thoroughly examined the case of *Naughton* v. *Morford-Wood Co.,* 90 Ohio St., 61. This case might properly have applied except for the performance of the contract by the cemetery association and the retaining of the benefits of the contract by the railway company. We think the contract was fairly made and that the performance of the contract by the railway company would be beneficial to the cemetery association. Inadequacy of consideration alone does not prevent a court of equity from entering a decree for specific performance. We appreciate the great expense of this wall, nevertheless the railway company had the advantage of the estimates of its engineer at the time the contract was made and the only unforeseen circumstance is the rapid appreciation of construction prices due to the war.

In order to relieve the railway company as much as possible from abnormal prices now prevailing, the court has concluded to extend the time for the construction of this wall to five years from the present date. We think that the portion of the cemetery next to the wall will not be needed for burial purposes for that period, that the cemetery association will not be inconvenienced by a postponement of the construction of the wall for the time stated, and that there is a possibility that prices may return more nearly to a normal condition before the expiration of five years.

The decree of the court is, therefore, that an order of specific performance as prayed for be entered against the defendant to be carried out within the time specified.

*Judgment accordingly.*

FERNEDING and KUNKLE, JJ., concur.

Judges of the Second Appellate District, sitting in place of Judges WALTERS, SAYRE and MIDDLETON, of the Fourth Appellate District.